## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. _____

BLUE CROSS AND
BLUE SHIELD ASSOCIATION,
an Illinois not-for-profit corporation,

        Plaintiff,

        v.                          **JURY TRIAL DEMANDED**

JUAN FERNANDO PONCE,
an individual, and PLANET ASSIST, INC.,
a Florida corporation

        Defendants.

_____/

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Blue Cross and Blue Shield Association ("BCBSA"), for its Complaint against defendants, Mr. Juan Fernando Ponce and Planet Assist, Inc. (collectively, the "Defendants") states as follows:

### THE PARTIES

1. BCBSA is a not-for-profit corporation organized under the laws of the State of Illinois with a place of business in Chicago, Illinois.

2. Upon information and belief, Mr. Juan Fernando Ponce ("Ponce") is an individual residing in and with a place of business in Miami, Florida. Upon information and belief, Ponce is the registered agent and president of Planet Assist, Inc., and he has the ability to direct and control Planet Assist, Inc.

3. Upon information and belief, Planet Assist, Inc. is a corporation organized under the laws of Florida with a place of business in Miami, Florida.

4.      Upon information and belief, Ponce directs, actively participates in, controls and benefits from the affairs of Planet Assist, Inc.  Upon information and belief, Ponce directed, controlled, actively participated in and benefited from the conduct of Planet Assist, Inc. alleged in this Complaint, and he has had the authority to control and stop Planet Assist, Inc.'s unlawful conduct.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1338 (a) and (b) because it involves claims arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*.  This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), in that the activities giving rise to the claims alleged herein occurred in this Judicial District and Defendants may be found in this Judicial District.

## NATURE OF THE CASE

7.      This is an action for trademark infringement and unfair competition under federal law and Florida common law which BCBSA brings to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its federally-registered and incontestable BLUECARD name and marks (the "BLUECARD Mark").  For decades, BCBSA and its licensees have continuously used and extensively promoted the BLUECARD Mark in connection with the provision of well-known prepaid financing and administration of hospital, medical and healthcare services and related comprehensive benefit programs (the "Services").

8.      As described more fully below, without BCBSA's authorization or consent, and with constructive and, on information and belief, actual knowledge of BCBSA's prior rights in the federally-registered and incontestable BLUECARD Mark, Defendants commenced use of an identical BLUECARD (also used as "BLUE CARD") mark in the color blue (the "Infringing

2

Mark") in connection with services that are identical, overlapping and related to the Services with which BCBSA uses its federally-registered and incontestable BLUECARD Mark.

9.      Through their conduct, Defendants have created circumstances whereby members of the public and members of the relevant trade are likely to be led to incorrectly believe that Defendants and their services are authorized by, sponsored by, or affiliated with BCBSA, its well-known BLUECARD Mark, and the Services provided thereunder.

10.      When BCBSA learned of Defendants' unauthorized use of the Infringing Mark, BCBSA contacted Defendants to demand that they cease use of the Infringing Mark.  Defendants have refused to do so.  BCBSA accordingly brings this action in order to protect its valuable federally-registered and incontestable BLUECARD Mark from the consumer confusion that will undoubtedly result from Defendants' continued use of the Infringing Mark.  Specifically, BCBSA seeks to prevent the damage and irreparable harm to its reputation and goodwill that it has suffered and will continue to suffer as a result of Defendants' actions.

## COMMON ALLEGATIONS

### *BCBSA's Services and Federally-Registered Marks*

11.      BCBSA is a national association of 36 independent, community-based and locally operated Blue Cross and Blue Shield companies that provide health insurance services (the "Plans").  BCBSA is the owner and licensor of the BLUE CROSS® and BLUE SHIELD® word and design marks, among hundreds of other registered marks comprised of the term and/or color BLUE.

12.      Among BCBSA's registered marks is its BLUECARD Mark.  The BLUECARD program enables insured members of a Plan who are traveling or living in another Plan's service area to receive the benefits of their home Plan and to access the local Plan's designated provider networks and savings.

13.     For more than twenty years, BCBSA and its licensees have invested enormous time, effort, and resources in promoting and providing the Services under and in connection with the BLUECARD Mark.  For example, the Services offered in connection with the BLUECARD Mark have been promoted and marketed throughout the U.S. in print media, on the websites of the various Plans, and in other ways customary in the industry.

14.     As a result of the aforesaid continuous and extensive promotion and use of the BLUECARD Mark in interstate commerce in connection with the Services, as well as through BCBSA's success and reputation for quality, the BLUECARD Mark has developed considerable recognition and strength. The BLUECARD Mark has thus acquired a further distinctiveness and secondary meaning signifying BCBSA, and BCBSA has built up and now owns considerable and valuable goodwill in and symbolized by its BLUECARD Mark.

15.     Indeed, the BLUECARD Mark has become an invaluable vehicle for the further development of BCBSA's consumer goodwill.  This consumer goodwill and recognition constitutes one of BCBSA's most valuable assets.  Accordingly, the integrity of the BLUECARD Mark is extremely valuable to BCBSA, and is crucial to the continued vitality and growth of its business and Services.

16.     In order to further protect its rights, BCBSA maintains a federal registration for BLUECARD, namely, Registration No. 2,076,689.  A copy of the registration record for BLUECARD is attached hereto as Exhibit 1.  The BLUECARD Mark has developed secondary meaning, and this registration is now incontestable pursuant to 15 U.S.C. § 1065.

### *Defendants' Wrongful Conduct*

17.     Long after BCBSA commenced use of its BLUECARD Mark and obtained a now-incontestable federal registration for the BLUECARD Mark, Defendants commenced use of

the Infringing Mark to promote travel health insurance services to U.S. consumers and travelers intending to visit the U.S.

18.     Defendants did not seek or obtain BCBSA's authorization or consent prior to commencing such use, and have not done so since.

19.     Defendants also maintain a website promoting their services under the Infringing Mark at www.planet-assist.net (the "Website") that is directed at U.S. consumers.  A page found on the Website showing use of the Infringing Mark is attached hereto as Exhibit 2.  Upon information and belief, the Website is hosted in the U.S. by BlueHost, Inc of Provo, Utah.  A copy of the Whois record for the Website is attached hereto as Exhibit 3.

20.     The Website lists a contact phone number (305-644-8435) with a Florida area code.  Upon dialing this phone number, a caller is greeted by an answering message that indicates that the caller has reached "BLUECARD."  Defendants' customer assistance representative confirmed that Defendants provide "BLUECARD" services, described as "medical assistance insurance for travelers," that may be purchased in the United States as well as countries outside of the United States.

21.     Defendants' use of the Infringing Mark in connection with substantially identical services in the same market that BCBSA offers its Services under the BLUECARD Mark is likely to cause substantial consumer confusion.  Specifically, Defendants' use of the Infringing Mark is likely to confuse members of the public into mistakenly believing that BCBSA is the source of, has endorsed or approved, or is somehow legitimately associated with Defendants or Defendants' services, thereby injuring BCBSA's BLUECARD Mark, and BCBSA's business and goodwill.

22.     Defendants have had constructive and actual knowledge of BCBSA's rights in its BLUECARD Mark and, notwithstanding that Defendants were aware of BCBSA's rights, Defendants have refused to cease use of the Infringing Mark in the U.S.

23.     BCBSA has been damaged and is being irreparably harmed by the conduct of Defendants as alleged herein.  BCBSA has no adequate remedy at law, and unless Defendants are restrained and enjoined by this Court, Defendants' infringement will continue, thereby causing further damage and irreparable injury to BCBSA, including to its goodwill and business reputation.

24.     In light of Defendants' unauthorized use of the Infringing Mark in connection with identical, overlapping and related services as those offered for many years by BCBSA under its incontestable and federally-registered BLUECARD Mark, BCBSA had no choice but to protect its rights in its valuable BLUECARD Mark through this action.

## COUNT I

### Federal Trademark Infringement
### (Section 32 of the Lanham Act: 15 U.S.C. § 1114)

25.     BCBSA hereby realleges and incorporates Paragraphs 1 through 24 of the Complaint as Paragraph 25 as if the same were fully set forth herein.

26.     As described above, BCBSA owns an incontestable federal registration for its valid and protectable BLUECARD Mark.

27.     Pursuant to 15 U.S.C. § 1072, Defendants had constructive knowledge of the federally-registered BLUECARD Mark prior to their unauthorized use of the Infringing Mark. Upon information and belief, by virtue of the renown of BCBSA's business and BLUECARD Mark, Defendants also had actual knowledge of BCBSA's ownership of its federally-registered BLUECARD Mark prior to Defendants' unauthorized use of the Infringing Mark.

28.     BCBSA has not consented to, and in fact has vehemently objected to, Defendants' use of the Infringing Mark in connection with the promotion of Defendants' services.

29.     Defendants' conduct is causing, and is likely to continue to cause in the future, confusion, mistake or deception as to the affiliation, connection or association of Defendants with BCBSA, and as to the origin, sponsorship or approval of Defendants and their services, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30.     Defendants' unauthorized and tortious conduct also has deprived and will continue to deprive BCBSA of the ability to control the consumer perception of its Services marketed and provided under and in connection with the BLUECARD Mark, placing the valuable reputation and goodwill of BCBSA in the hands of Defendants, over whom BCBSA has no control.

31.     Defendants' willful conduct and reckless lack of concern for the confusion caused by their acts renders this case exceptional under 15 U.S.C. § 1117(a).

32.     As a result of Defendants' aforesaid conduct, BCBSA has suffered substantial damage and irreparable harm constituting an injury for which BCBSA has no adequate remedy at law.  Unless this Court enjoins Defendants' conduct, BCBSA will continue to suffer irreparable harm.

## COUNT II

**Federal Unfair Competition**
**(Section 43(a) of the Lanham Act: 15 U.S.C. § 1125(a))**

33.     BCBSA hereby realleges and incorporates Paragraphs 1 through 32 of the Complaint as Paragraph 33 as if the same were fully set forth herein.

34.     As set forth above, BCBSA has owned a valid and protectable interest in its BLUECARD Mark since long before the acts of Defendants complained of herein.

35.     Defendants' conduct is causing, and is likely to continue to cause in the future, confusion, mistake or deception as to the affiliation, connection or association of Defendants with BCBSA, and as to the origin, sponsorship or approval of Defendants and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C.  § 1125(a)(1).

36.     Defendants' unauthorized and tortious conduct also has deprived and will continue to deprive BCBSA of the ability to control the consumer perception of its Services marketed under the BLUECARD Mark, placing the valuable reputation and goodwill of BCBSA in the hands of Defendants, over whom BCBSA has no control.

37.     Defendants' willful conduct and reckless lack of concern for the confusion caused by their acts renders this case exceptional under 15 U.S.C. § 1117(a).

38.     As a result of Defendants' aforesaid conduct, BCBSA has suffered substantial damage and irreparable harm constituting an injury for which BCBSA has no adequate remedy at law.  Unless this Court enjoins Defendants' conduct, BCBSA will continue to suffer irreparable harm.

## COUNT III

### Florida Common Law Unfair Competition

39.     BCBSA hereby realleges and incorporates Paragraphs 1 through 38 of the Complaint as Paragraph 39 as if the same were fully set forth herein.

40.     BCBSA has used and promoted the BLUECARD Mark with the Services within this State since long prior to Defendants' infringing conduct complained of herein, and BCBSA possesses superior common law rights in its BLUECARD Mark under the common law of the State of Florida.

41.    Defendants' unauthorized promotion and use of the Infringing Mark with services nearly identical to BCBSA's Services is likely to cause confusion among consumers, members of the trade, and existing and prospective customers.

42.    By virtue of its willful actions described herein, Defendants have infringed upon BCBSA's BLUECARD Mark, and have improperly traded on the goodwill associated therewith, in violation of the common law of this State.

43.    As a result of Defendants' aforesaid conduct, BCBSA has suffered substantial damage and irreparable harm constituting an injury for which BCBSA has no adequate remedy at law.  Unless this Court enjoins Defendants' conduct, BCBSA will continue to suffer irreparable harm.

<u>**COUNT IV**</u>

**Florida Deceptive and Unfair Trade Practices**
**(Florida Deceptive and Unfair Trade Practices Act -- Fla. Stat. § 501.204)**

44.    BCBSA hereby realleges and incorporates Paragraphs 1 through 43 of the Complaint as Paragraph 44 as if the same were fully set forth herein.

45.    Defendants' unauthorized promotion and use of the Infringing Mark with nearly identical services to BCBSA's Services constitutes a false designation of origin is likely to cause confusion among consumers, members of the trade, and existing and prospective customers.

46.    Defendants' actions constitute misappropriation of BCBSA's proprietary rights and goodwill in and to its BLUECARD Mark.

47.    Defendants' activities violate the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.204).

48.    As a result of Defendants' aforesaid conduct, BCBSA has suffered substantial damage and irreparable harm constituting an injury for which BCBSA has no adequate remedy at

law.  Unless this Court enjoins Defendants' conduct, BCBSA will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, BCBSA prays that judgment be entered against Defendants and in BCBSA's favor as follows:

A.      This Court enter an Order adjudging and decreeing that Defendants have infringed BCBSA's BLUECARD Mark pursuant to 15 U.S.C. §§ 1114 and 1125, and in violation of Florida common law, have committed acts of unfair competition in violation of 15 U.S.C. § 1125 and Florida common law, and have committed deceptive trade practices in violation of Fla. Stat. § 501.204;

B.      This Court enter an Order that preliminarily and permanently enjoins Defendants and each of their respective officers, directors, members, employees, owners, managers, agents, attorneys, successors, servants, affiliates, subsidiaries, related entities, licensees, and assigns, and all persons acting in concert with any of the foregoing, from:

      i.      selling, offering for sale, holding for sale, advertising, or promoting any merchandise, goods, or services using the BLUECARD (or BLUE CARD) designation or any marks confusingly similar thereto;

      ii.     disabling all websites, social media accounts and other online accounts using the BLUECARD (or BLUE CARD) designation or any marks confusingly similar thereto; or

      iii.    doing any other act or thing that is likely to induce the belief that Defendants' goods or services are in some way connected with BCBSA's or its Licensees' Services or its business;

C.      Defendants be held jointly and severally liable and ordered to account for and pay to BCBSA:

      i.      all gains, profits, benefits, and advantages derived from Defendants' wrongful use, misappropriation, and infringement of BCBSA's BLUECARD Mark;

      ii.    all losses and damages, including lost profits and costs for corrective advertising, suffered by BCBSA as a result of Defendants' wrongful use and infringement of BCBSA's BLUECARD Mark, including prejudgment interest and costs pursuant to 15 U.S.C. § 1117;

      iii.    treble damages pursuant to 15 U.S.C. § 1117(a); and

      iv.    all of its costs relating to this action;

D.    Requiring Defendants to deliver to BCBSA for destruction any and all signage, business cards, flyers, coupons, websites, promotional and marketing collateral, and any other materials in Defendants' possession or under their control bearing the BLUECARD or BLUE CARD designations, and/or any other marks confusingly similar thereto;

E.    Attorneys' fees be awarded under 15 U.S.C. § 1117(a);

F.    Attorneys' fees be awarded under § 501.2105, Fla. Stat. (2007); and

G.    BCBSA be awarded such other and further relief that the Court deems just and equitable.

Dated:  August 14, 2017

LEE J. EULGEN, ESQ.  (*pro hac vice* to be filed)
leulgen@nge.com
KEVIN C. MAY, ESQ. (*pro hac vice* to be filed)
kmay@nge.com
JESSICA E. COHEN, ESQ.  (*pro hac vice* to be filed)
jcohen@nge.com
ANDREW S. FRAKER, ESQ.  (*pro hac vice* to be filed)
afraker@nge.com
Neal, Gerber & Eisenberg, LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois 60602-3801
(312) 269-8000


By:  s/ Daniel Alter
Daniel Alter, Florida Bar No. 0033510
Email:  dan.alter@gray-robinson.com
GRAYROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida  33301

11

Telephone:  (954) 761-8111
Facsimile:  (954) 761-8112

*Counsel for Plaintiff*
*Blue Cross and Blue Shield Association*